Good morning, Your Honor. May it please the Court, my name is Eric Daubertein, and I represent the appellants in this case. I'd like to reserve, if I can, five minutes of my time for any rebuttal that may be necessary. Keep your eye on the clock. The clock in front of you. It's easier, it's digital. It got turned, I'm sorry. Thank you, Your Honor. There are actually two cases that are before this Court that have been joined together, but they both involve preliminary injunctions, and they are similar, though there are some factual distinctions here that I hope we've been able to set forth in the brief so that these somewhat confusing factual elements of both cases are, can be understood by the Court. I think the Court has read the briefs carefully. I think we pretty well understand the process or your claim, the lack thereof. Your Honor, there... Why don't you zero in on either questions or anything specific that doesn't repeat within the brief? Counsel. Yes, sir. From my review of the file, we have a real... I'm not going to address the merits of the product, which the District Court has done. I want to know how the District Court got from A to D. I mean, they were supposed to take testimony, make findings of fact, conclusions of law, and judgment. And in the normal... and then an injunction. In the normal process of things, I take it everybody would have a chance to object to findings of fact and conclusions of law. And I find that there was some monkey business on a stipulation, and then the stipulation wasn't used, it was changed, so that I can't find a straight line set of findings as I've expressed it required by the Court rule. Now, is that a fair statement of your position? Well, I think it's a fair statement. I don't know if the monkey business comment was directed to counsel or in some other context. No, it was... in other words, what winds up in the final findings of fact, conclusions of law, is not what the stipulation said it was to be, right? That's correct, Your Honor. And nobody had an opportunity or notice to make any objections to the District Court because of those, right? Yes. So procedurally, there's a problem. Yes, sir. If that's the problem you have, what do you seek from us in the way of relief? Your Honor, what we seek is that both of these preliminary injunctions be vacated and that the case be remanded to the District Court so that the process of getting from A to D can be followed according to the rules, and so that testimony, evidence can be submitted, findings and facts can be enunciated, whether from the bench or in an order, such that the parties can dispute that, can argue about it, can do whatever is necessary to try to convince the Court as to what should be done in this case. Our concern and our objection here is purely procedural. It's not substantive. And the problem that we have here is that with regard to each of these preliminary injunctions, we believe that it is impossible for this Court and for us to understand what motivated the District Court to make the decision that he made in each case so that it can be understood. Well, were there some conferences between counsel and the judge that were off the record? Unfortunately, Your Honor, there were a number of conferences that were off the record.  We have no way of knowing, because they were off the record, we have no way of knowing what went on. Is that where this case went off the trolley? I believe it did, Your Honor. Okay. Maybe we ought to hear from your opponent, because I think that's what's really concerning. Could I get a clarification? You also put at issue the role of Dr. Heber. I take it that's the other aspect you would ask to be included in any remand, if that were our decision. It's an aspect, yes, Your Honor, but it's really more of a subset of understanding the record, because Dr. Heber, even though procedurally there were problems there, again, we can't tell whether or not the District Court relied on the ex parte communications he had with Dr. Heber. I understand that. And so it's part of the underlying problem with the record. What were the findings of fact? What were the conclusions of fact? Then one other question. I understand that this case is now before Judge Wilson? That is correct, Your Honor. And is Dr. Heber, to your knowledge, still involved as a, whatever his role is vis-a-vis the Court? Is he having that ongoing role? He is still involved. I must advise the Court that we have filed a motion asking that Dr. Heber be relieved because of the ex parte communications. But in any event, Dr. Heber was brought in with the knowledge and consent of the parties by Judge Lutz originally, correct? That is true. Okay, and it's the nature of his role that was at issue, I understand from what you say, and that we don't know where it sits. He's still on board as far as the transfer of the case, in other words, didn't vacate his appointment. That is correct. Well, why don't we hear from Judge Wilson? Well, I have to tell you, in all candor, I have participated in some of these proceedings with the former district judge. So let me just ask the FTC, why isn't this case, why isn't it, to cut to the chase, why doesn't it make sense for us to vacate and send this case back to Judge Wilson so you folks can get on with your business and do this in a clean way? Your Honor, to the extent that you consider doing that because, as they complain, the Court, with respect to the quantity of facts that the Court entered in its finding of fact, that's not necessary. There's no facto meter in a preliminary injunction proceeding where the Court has to get a sufficient number of facts in order for the preliminary injunction to survive. Again, this is a preliminary injunction. Yes, but as the effect of putting these people out of business, at least that's what they claim. But the issue with respect to findings of fact, and the Court entered all the necessary findings of fact. The issue is, did it enter sufficient findings of fact so that this Court can resolve the issues that are before it? Now, they complain, well, the Court entered so few findings of fact that we don't even know what issues they should raise before this Court. But the issues before the district court were very simple. They knew what they were. If they had wanted to challenge them before this Court, they knew what they were. The issues were really, the fact issues were really only two. Did they place advertisements after the entry of the stipulated settlement that were covered by that settlement? Did they have substantiation for the claims they made in those advertisements? They do not dispute that they advertised that their product, Fat Trapper Plus and Kydesign would bind with and entrap the fats in the foods you eat, reducing the calories from them. They do not dispute that they advertised that two of the other products, Acceleron and Exercise in a Bottle, would speed up your metabolism even while you're sleeping. That's issue one. They don't dispute that. Issue two, did they have sufficient substantiation for the claims they make? Now, the Court found that they did not. They don't dispute the substantiation here before this Court. There were sufficient findings entered by this Court to enter by the district court for this Court to resolve the fact issues before, because they didn't raise any. Where do I find a finding that the various reports individually fail to adequately substantiate an effect on humans? Beg your pardon? In the district court's findings of fact that you submitted. Yes. Where do I find that? You can look, the district court discussed that. All the various reports individually fail to adequately substantiate an effect on humans. The district court is. I've got Dr. Heber's views. I've got your views. I've got your experts' views. I've got all kinds of views, but I don't find this all delineated in a set of findings. On November 4th, the Court, five days after the initial preliminary injunction, the Court submitted, was not adequate. They don't dispute before this Court Dr. Heber's findings versus their experts' findings. That's not an issue they've raised before this Court. It's not in their briefs. They don't contend that their evidence was stronger than our evidence, that their expert was better than our expert, or that Dr. Heber wasn't adequate. That's not what they dispute before this Court. Injunctions don't come out of thin air. Injunctions are dependent upon adequate findings of fact and conclusions of law. Now, I don't – I'm troubled with the record. I can't understand clearly what this is all about. And I suspect, as counsel said, some of this is off-the-record discussions with Judge Letts. Your Honor, there – Your Honor, there were off-the-record discussions with Judge Letts, and those were in the nature of a settlement conference that Judge Letts conducted. He can – I don't care what he did. It's not in the record. And that's what I'm looking at is the record. The other – the other problem is there were stipulated set of findings, and those were ignored. There were two preliminary injunctions. With respect to the first one, on October 30th, the Court's findings of fact were included in the text of the preliminary injunction itself and in its on-the-record discussion five days later. It made a finding. The Court made a finding with respect to every element of – every element required for entry of a preliminary injunction. No, it did not specifically discuss all the various studies that they had – that they had presented. But they don't discuss those here either. They haven't disputed that before this Court. They say, well, we didn't know what issues to raise before the Court. But, of course, they did. They know what the issues are. They're very simple. They could have raised that issue. There was – they knew what the issues were. And I'm – I'm not a party to this litigation. I didn't sift through all of this. I haven't gone into the laboratory to make any studies. I'm looking at a record. That's what I deal with. Your Honor, you don't have to look at those findings on this appeal because that's not an issue before this Court. The only issue they have raised is, is there a sufficient quantity of findings of fact? Well, whether or not there's a sufficient quantity depends on the issues they raise. The Court entered a specific finding with respect to every element necessary for the – for – for entry of a preliminary injunction. Now, Judge Visa, you also asked about the stipulation. The stipulation came in connection with the second preliminary injunction. The first preliminary injunction was on October 30th, and it applied to products Exceleron and Kytazan. The second preliminary injunction – it was more in the nature of a supplement to the first one – came on December 9th of last year, and that applied to products Fat Trapper Plus and Exercise in a Bottle. After that second preliminary injunction was fully briefed, the parties submitted a stipulation to the Court, but they did not withdraw the preliminary injunction motion, and the Court was free to enter the preliminary injunction still at that time. And that's what the Court did. It took the – it took the stipulation that the parties had submitted, made some changes to it, and entered that as its preliminary injunction. It was just a preliminary injunction the Court entered. Had it entered a stipulation, we wouldn't even be here because that wouldn't presumably even be appealable. I still understand. So the – you went through the October 30th, then you get to the December proceeding, and the parties have negotiated a stipulated proposal that Judge Schlatz was presented with, and it's his right to look at it and decide whether it conforms to what he thinks he should approve. He made changes in that, correct? Yes. And he ruled out one option that he had. They had negotiated to approve and approve that. That's correct. Now, was there any opportunity for them then to back away and argue then, go back to challenge then the basis for making that change? They could request the district court to reconsider. Yes. They had – the preliminary injunction motion was fully briefed. They had no assurance at that point whether they were going to be able to go back   and address the preliminary injunction. So your position is that even though it got acted on, then they're – they were now in a position to cure the problem or at least address the problem by going back to the judge and saying, wait a minute, we want you to reconsider because we want to go back and now litigate the basis for the preliminary injunction that has now been adopted by you. Or come here to this Court and challenge it, as they have done. They didn't have to go for reconsideration. That would have been true regardless of whether the parties had submitted the stipulation. I understand that. But you're saying, well, they – you know, they have never attacked all this. That's right. I thought they have attacked the process. They said we didn't – you know, this process didn't give us the opportunity to proceed to address that which the judge ultimately ordered. Their argument is essentially that they somehow had a right to have the stipulation entered and that the Court had no right to modify the stipulation. Maybe the Court had no right to modify the stipulation, but it didn't enter the stipulation. It entered the preliminary injunction. But that is what happened. The Court entered the preliminary injunction. He used the piece of paper that the parties had been submitted and made changes on it. But to the extent it turned out to – it started out as an opportunity for the parties to have a solid agreement on the nature of the order that was issued, it got converted by the district court for his reasons, which he has the discretion to do, to turn it into something that was his order without there having, as I understand, ever been a hearing on the merits of that preliminary injunction as issued. That is correct, Your Honor. That is our position. There is no right to have a hearing. There is a right to be heard, no right to present your position to the Court. You're entitled to notice and an opportunity to present your position, writing or potentially at a hearing or otherwise, before a preliminary injunction is entered. But you have no right to necessarily tailor the nature of the order. No, I understand that. But where was the opportunity that they blew to be heard before Judge Letts entered what became the preliminary injunction? They didn't blow it, Your Honor. They had the opportunity and they took advantage of it. When the condition filed its logic of the second preliminary injunction, which it did shortly after the Court entered the first one, they then filed an opposition to that which appears in the excerpts of record in case 5707A. I believe it's under tab 15. They discussed the procedures. They also discussed the substance of the preliminary injunction. That was their opportunity to be heard and to argue to the Court that there should be no preliminary injunction or what the shape of the preliminary injunction should be. They were unhappy with respect to what was ultimately entered by that Court and that's why we're here today. Also, because there is no right to an in-person hearing before entering a preliminary injunction, they had no right to cross-examine Dr. Heber in any event. Further, Dr. Heber served the Court, as the Court explained, as a technical expert, advising the Court with respect to various studies submitted by the parties, the same way a law clerk advises the Court with respect to the legal arguments that the parties have presented. They had no right. Well, I think that assumes a conclusion as to the function of the advisor, whether he's acting like a law clerk or he's acting like a court-appointed expert who essentially has the ability, essentially, to make the, in the judge's mind, pretty much the determinative conclusion on the science. And I think that is their argument, is it's a little unclear. I mean, the order of appointing him was as an expert, not as just an advisor. The Court explained that at the November 4th hearing, the Court explained how Dr. Heber was used. The Court had him look at the science and consider the studies just to make sure he knew what the relevant issues were with respect to these studies. And the Court said, he reached the same conclusion that I had already reached. He served the Court, in that sense, as a technical advisor. If he ever presented new evidence or fresh evidence to the Court, that would be different. And then at a trial on a permanent injunction, yes, they would have a right to see his report, to cause him to cross-examine him or whatever. Again, this is a preliminary injunction. There's no right to any hearing or to cross-examine any witness. Very frequently at preliminary injunctions, all the evidence comes in on a hearsay basis without any opportunity for cross-examination. Okay. I think it's important to understand that these dive-in-a-bottle products were on the shelves at more than 27,000 stores nationwide before these preliminary injunctions were entered. Stores like Albertsons, like Rite Aid, like Walmart, like GNC. If this Court grants them the relief they're asking for, if it lifts these preliminary injunctions, potentially these products are once again before everybody in the United States and so will their clients. Any further questions? I don't think so. Thank you. Thank you. Thank you. Well, when you say you know what you're faced with, you knew what you were faced with. As I understand it, your concern is that, at least on the second injunction, Judge Less ruled out one of the options that you wanted. But you knew what you were faced with. I mean, you negotiated that stipulation. Absolutely, we did. So what was it that you wanted to present that you hadn't already presented? I don't know why. Look, you don't know if Judge Less... There are a lot of people who lose after we write opinions and don't know really why they didn't do it. I understand. But the court, the district court, needs to set out what the discipline is. And I understand you can see it. But for the parties, what facts were used to determine the findings, what was significant, what was considered, what wasn't considered, what was weighed, what wasn't weighed, and there will be a count. So you have a preliminary injunction, which, especially the second, not maintaining the status quo, pending the final resolution of the contempt application, because the second preliminary required my body's communication. I was off the shelf, no belabor, off the shelf security. That is not what was considered for the original order. In addition, you can't use the name. That, again, is something beyond the original terms of the May 2000 order. But is it beyond what they proposed? It is beyond what they proposed. No, what the FTC proposed on the second order, I can't remember. I can think on the second order that they lodged, only lodged. This was not a notice of motion. I think they did ask for a description on that. But when we negotiated the stipulation, that fell out of the original lodge, the proposed second order. Dr. Heber is a third-pointed expert. The FTC didn't miss that fact. I believe that we are arguing not quantity of facts, but quality of facts. And the October, early November 4th telephone conversation does not get the FTC past the problem that it had. All right. Okay. I think we understand the case a lot better now. Thank you. The case is reviewed. We'll be submitted.
judges: Beezer, Fisher, England